IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 18-433 |
| | : | |
| WARREN HENDERSON | : | |

### MEMORANDUM

**Juan R. Sánchez, C.J.**                                                    **February 5, 2021**

Defendant Warren Henderson, who is currently serving a 48-month sentence, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Henderson has served approximately 30 months of his sentence and now seeks a reduction to time served. He asserts the coronavirus disease 2019 (COVID-19) pandemic combined with his many chronic medical conditions, which he contends place him at an increased risk of harm from the virus, are extraordinary and compelling reasons for his release. The Government opposes the motion because it contends Henderson is a danger to the community and the relevant sentencing factors weigh against release. Because Henderson is a danger to the community and the relevant sentencing factors weigh against his release, the Court will deny his motion.

**BACKGROUND**

On January 9, 2019, Henderson pleaded guilty to two counts arising out of his participation in two bank robberies, one attempted and one completed. In both robberies, Henderson passed a demand letter to the bank tellers and threatened them with gun violence. As a result, Henderson pleaded guilty to one count of attempted bank robbery and one count of bank robbery, in violation of 18 U.S.C. § 2113(a). The Court subsequently sentenced Henderson to 48 months' imprisonment followed by three years of supervised release. Henderson is serving his sentence at Federal Medical Center (FMC) Devens in Ayer, Massachusetts. His anticipated release date is February 3, 2022.

Due to COVID-19, a novel and highly contagious respiratory virus, the United States (and the world) has confronted a rapidly changing public health crisis that has reached the scale of a global pandemic. The virus commonly causes fever, coughing, and shortness of breath, amongst a wide range of other symptoms. Some populations, including the elderly and immunocompromised, are at a higher risk of developing serious complications upon exposure to the virus. The CDC has identified people of any age who have serious underlying medical conditions as those who are also at a higher risk for severe illness. High risk underlying medical conditions include cancer, chronic kidney disease, serious heart conditions, obesity, diabetes, sickle cell disease, and immunocompromised conditions from cancer treatment, smoking, or bone marrow and organ transplantation.

In light of the ongoing pandemic, Henderson submitted a request for compassionate release to the warden of FMC Devens on May 27, 2020. He requested release based on his chronic health conditions including obesity, prediabetes, chronic embolism and thrombosis, and chronic cardiac issues such as blood clots and hyperlipidemia. He also noted he had a kidney transplant in 2013. He is currently 53 years old. On May 1, 2020, the warden denied Henderson's request because his medical concerns were not debilitating. Henderson, represented by counsel, then filed identical motions for compassionate release on October 5 and December 3, 2020.

The Government opposes Henderson's motion arguing he is a danger to the community and the relevant sentencing factors weigh against his release.

**DISCUSSION**

The Court will deny Henderson's motion because he is a danger to the community and the relevant sentencing factors weigh against his release. Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, the Court may modify a term of imprisonment on the defendant's

motion after the defendant has exhausted his administrative remedies. In relevant part, § 3582(c)(1) provides that a court

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Congress, however, did not define the term "extraordinary and compelling reasons," except to state that "[r]ehabilitation . . . alone" does not suffice. 18 U.S.C. § 994(t). Rather, Congress delegated the authority to define "extraordinary and compelling reasons" to the U.S. Sentencing Commission.

Section 1B1.13 of the Sentencing Guidelines explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines:

> [A]fter considering the factors set forth in 18 U.S.C. § 3553(a)," that—
>
> > (1)    (A)    Extraordinary and compelling reasons warrant the reduction; . . .
> >
> > (2)    the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> >
> > (3)    the reduction is consistent with this policy statement.

Application Note 1 to § 1B1.13 enumerates three specific reasons that qualify as "extraordinary and compelling" based on the medical condition, age, or family circumstances of the defendant. U.S.S.G. § 1B1.13 n.1(A)–(C). Application Note 1 further provides a "catch-all" provision, which allows a court to modify a sentence for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D).

To grant Henderson's motion, the Court must find that (1) extraordinary and compelling reasons warrant the reduction, (2) he is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g), and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) warrant the reduction.[1] Although the Government concedes Henderson has established extraordinary and compelling reasons for his release based on his medical conditions and the COVID-19 pandemic, the Court finds Henderson is a danger to the community and the relevant sentencing factors weigh against release at this time. The Court will thus deny his motion.

Addressing the first factor, Henderson argues extraordinary and compelling reasons exist in this case because of his vulnerability to COVID-19 in prison, given his underlying health conditions, which place him at high risk of serious illness from COVID-19, and the conditions at FMC Devens, where the disease is present and he is at risk of contracting it.  The Third Circuit Court of Appeals has noted that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  As the Government notes, moreover, Henderson's health conditions, standing alone, would not provide a basis for compassionate release as they appear to be well-controlled and do not appear to "present any impediment to his ability to provide self-care in the institution."  Gov't's Opp'n 13, ECF No. 26.  The Government concedes, however, that given the risk of COVID-19, Henderson's medical conditions qualify as an extraordinary and compelling reason under Application Note 1(A) to the policy statement. *See id.* at 13–14 & n.5.  Specifically, the Government acknowledges that Henderson presents a risk factor identified by the CDC as increasing the risk of severe harm from COVID-19 which qualifies

---

[1] The Court must also find the reduction is otherwise consistent with policy statements issued by the Sentencing Commission.

as "'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility,' . . . as, due to his condition, [he] may be less able to protect himself against an unfavorable outcome from the disease." *Id.* at 13.  With the Government's concession, Henderson advances an extraordinary and compelling reason for a reduction of his sentence in this case.

Henderson is not entitled to compassionate release, however, because he is a danger to the community. Section 3142(g) sets out the factors courts must consider in determining one's danger including "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). These factors weigh in favor of finding Henderson a danger to the community.

First, the nature and circumstances of the offense charged show Henderson engaged in dangerous conduct. He is convicted of attempting to rob one bank and successfully robbing a different bank both with the threat of gun violence. In the attempted robbery, Henderson told the teller he had a gun under the counter and would shoot her. In the second robbery, Henderson told the teller he was armed and that he would hurt somebody if she refused to comply with his demands. This conduct is serious and caused the victims to fear for their life and safety. Although there is no evidence Henderson actually possessed a firearm, the victims had no way of knowing whether he had a firearm and whether he would use it against them. The serious and threatening nature of this conduct shows Henderson's dangerousness.

As for Henderson's history and characteristics, the Court finds this also weighs in favor of finding him a danger to the community. Henderson has an extensive criminal history extending back to 1993. His prior convictions include assault, battery, robbery, and armed robbery. He has also been arrested for several crimes including battery, assault, and drug possession. Several of these arrests occurred as recently as 2013. And despite his prior convictions, they were not necessarily reflected in his Guidelines range at sentencing because they occurred long ago. Regardless, Henderson's conviction in this case and numerous arrests in 2013 show he has not been deterred from engaging in criminal activity well into his 40s and 50s. The Court also notes Henderson has struggled with alcohol and drug addiction for nearly 30 years. Some of his criminal conduct may stem from this addiction. And as for his family and community ties, Henderson has not suggested he has anyone to help him upon his release to ensure he continues to seek treatment for his addiction and to avoid engaging in dangerous conduct. According to the Presentence Investigation Report, Henderson's relationships are strained by his substance abuse, mental health problems, and criminal conduct. Considering Henderson's dangerous past conduct, his addiction, and lack of support and ties, the Court is unpersuaded Henderson is not a danger to the community.

Finally, all of these considerations show the danger Henderson might present upon his release is serious and dangerous. Many of Henderson's convictions and criminal conduct involve assault, battery, or the use or threat of firearms. Also, Henderson's history with substance use presents another serious danger upon his release. Without any identifiable support or assistance, Henderson may return to substances which could accumulate into more criminal conduct and distance from his family. The Court also notes Henderson has engaged in criminal conduct while on probation or supervision for other criminal charges. The Court therefore finds Henderson presents a danger to the community if he were to be released after only serving a 30-month

sentence for the dangerous conduct in this case. *See United States v. Council*, No. 18-219, 2020 WL 5215142, at *5 (M.D. Pa. Sept. 1, 2020) (finding the defendant was a danger to the community after considering current conviction for bank robbery, a dangerous criminal history, and the lack of deterrence from engaging in criminal conduct while on supervision).

On the last issue, the relevant sentencing factors also weigh against Henderson's release. The applicable factors are:

> (1)     the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)     the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . [and]
>
> (6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

18 U.S.C. § 3553(a). Granting compassionate release in this case would require the Court to reduce Henderson's 48-month sentence to approximately 30 months—a 38% reduction.

In sentencing Henderson only 20 months ago, the Court considered each of the § 3553(a) factors and found they supported a sentence of 48 months, a sentence within the applicable Guidelines range. It is difficult to see how the same factors that justified a 48-month sentence a year and a half ago justify a 30-month sentence today. *See United States v. Roberts*, No. 18-528-5, 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020) (noting the court would be "hard pressed to conclude that, whereas the Section 3553(a) factors justified a forty-eight-month sentence only a month ago, the same factors suddenly justify a time-served sentence today").

Nevertheless, upon considering the relevant factors again, the Court finds they weigh against a sentence reduction to time served. Henderson has a significant criminal history and much of it was not considered in calculating the Guidelines range because a significant period of time had passed since those convictions occurred. In fact, because of this criminal history, the United States Probation Office recommended a higher sentence than the Court imposed and even stated an upward departure would be appropriate. Although the Court did not take that recommendation, the Court is not persuaded a time served sentence is sufficient to account for Henderson's conduct in this case after a significant criminal history.

While there is no evidence Henderson possessed a firearm in this case, his crimes were extraordinarily serious, involving the threatening of innocent victims and robbing of two banks. In imposing his sentence, the Court found a 48-month period of incarceration was required not only in light of the seriousness of the offenses in this case but also to promote respect for the law and send a strong message of deterrence. This is particularly important considering Henderson's criminal history and the lack of deterrence from his prior convictions and terms of imprisonment. Reducing the 48-month sentence imposed to 30 months would undermine these goals. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) (holding that in considering the § 3553(a) factors, a court "should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence"); *United States v. Walter*, No. 18-834-6, 2020 WL 1892063, at *3 (S.D.N.Y. Apr. 16, 2020) (declining to convert a defendant's sentence "to one of home confinement, when he ha[d] served just 17 months of a 62-month term of

incarceration," where doing so "would disserve [several] important § 3553(a) factors"). As a result, the Court finds the relevant sentencing factors weigh against reducing Henderson's sentence.[2]

**CONCLUSION**

In sum, although Henderson's medical conditions arise to extraordinary and compelling reasons for his release, his dangerousness and the relevant sentencing factors weigh against his release at this time. The Court will thus deny his motion for compassionate release pursuant to § 3582(C)(1)(A).

An appropriate order follows.


BY THE COURT:

 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.

---

[2] To the extent Henderson contends his medical conditions warrant a different analysis under the sentencing factors, the Court notes it was aware of these conditions upon sentencing Henderson. The Presentence Investigation Report detailed Henderson's conditions and treatments. The Court considered those conditions at the time of sentencing and upon consideration of this motion.